*447 OPINION of the Court, by
Ch. J. Bibb.
— The first question presented by the assignment of errors is upon the refusal of the court below to sustain the motion, *448 made by the appellant’s counsel, to strike the cause oft the dockett of the Bourbon circuit, for want of jurisdiction, upon an objection to the petition, and consequent order for a change of the venue from the Madison cir-CUIto 18 unne9e$sary U> go into an enquiry respect-iny the sufficiency of the objection made to the order for removal, because the appellant, upon whose petition the venue was changed, had, previous to his objection, appeared and pleaded in chief; having done so, it was too jate t0 mave the objection to the jurisdiction of the J LUUI u
Venue hid in deciaraticn, and the time therein alleged, aPply to a replication concerning the fame mat-
Plea that the “covenant was cbramed^ ^by oat confideration,” is bad,
Upon demur-ought to give judgment ac. lUht^of'3 the «fe, and are not confined to the particular plea demurred to,
Leave to add áiíueu'on'ofthe «□rt.
After difpefi-uT* embamfi? leave was pro-peily denied,
⅜ The appellant, after this, pleaded a third plea, ‘‘thatthe sa‘icj plaintiff obtained the said covenant (declared on) from. him by fraud, and without any consideration ; and this he is ready to verify : wherefore,&c. To this the plain-replied, that the said covenant was not obtained by fraud, and without consideration, but without fraud, and for a valuable consideration, to wit, four hundred c|0pal s ; and that, he prayed might be enquired of by the country. To this replication the appellant’s counsel demurred : 1st. because the replication did not state *rom whom the consideration moved, or by whom paid ; Sdly. because the time when, and the place where, the consideration was paid, was not set forth. The appellee ;0;necj *til demurrer, and the demurrer was overruled by , J the COUlt.
The appellant then offered a fourth plea ; to which ^le aPPe^ee objected, because the appellant, having pleaded at a former term, had no right to file the one offered, nor ought the court to permit hitn ; and of that °P*n‘on was court: to which the appellant excepted, stating the plea at large as offered, and that he offered ⅛ submit to any equitable conditions the court might think proper. These opinions of the circuit court upon the demurrer, and upon the rejection of the fourth plea, are now said to be erroneous.
Upon the demurrer, the causes assigned were frivolous. The declaration had set forth the date of the covenant, laid a venue*, and had charged the covenant as made by the appellant to the appellee by deed: the time and place, and covenant, laid in the declaration, *449 were sufficient to uphold the replication against the objections made to it. But it seems the counsel of the appellant saw motes in the replication, but had overlooked the great deficiencies of their plea thus replied to. They should certainly have looked to their plea, and recollected that a demurrer would authorize the court to give judgment according to the right of the case*, and not according to the replication only.
The fourth plea was properly rejected, as well because the court had a discretion to admit or refuse, at that stage, and under the circumstances, that discretion was properly exercised, as on account of the subjects of which the plea was compounded.
The dppellant had, at a former term, pleaded covenants performed, and also non infregit, upon which issues were joined to the country : hé had filed a third plea, which was without form or substance, a merp shell: he had filed a frivolous demurrer to a replication, which met the plea in every avenue of approach, and then offered the fourth plea, a chaos, in which want of consideration in a deed, a special non infregit, a non est factum by argumentation, and fraud, without texture, shape or colour, were rudely jumbled. Having, from the time of the motion to dismiss for want of jurisdiction, to that of the offer to submit to equitable conditions, in case he should be permitted to file the 4th plea, shewed every disposition to evade the justice of the case by embarrassing the cause with such pleadings, the court imposed the only equitable restriction the appellant’s case deserved — a total rejection of the plea thus offered by counsel whose eminence left no apology.
Upon the whole, it seems to the court that there is no error as the appellant hath complained.
Judgment affirmed.

 Venue laid in declaration draws to it the trial of every thing that is tran-fcory — J/dertcr* vs. Ilderto?;, a H. Black, x 6 X — J evens vs.Harndge, I Sand, 8. note 2.

 Demurrer brings the whole pleading before the court $ nor can the parties, by fetting down one or more points, discharge the judges from their duty in refpecc of the whole Beauchamp vs. Mudd, Hard. 164 — Slack vs. Price, ante 272.